## Benge's Administrator v. Creech.

(Decided March 26, 1915.)

### Appeal from Clay Circuit Court.

Executors and Administrators—Decedent's Estates—Action by Administrator for Settlement—During Pendency of, Judgment Creditor With Return of Nulla Bona Cannot by Attachment Ob-

tain Preference.—After an action has been instituted by an ad-
ministrator under Section 428 of the Civil Code to obtain a settle-
ment of his decedent's estate, and while such action is pending, a
creditor of the decedent who has obtained a judgment against the
estate for his demand and a return of nulla bona, cannot, by in-
stituting an equitable action under Section 439 of the Civil Code
and the procuring of an attachment therein, obtain a preference
over other creditors having like demands against the estate of
such decedent.

RAWLINGS & WRIGHT and D. K. RAWLINGS for appellant.

STIVERS & WHITE and H. C. FAULKNER & SONS for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

At the September term, 1913, of the Clay Circuit
Court, the appellee, Ann Creech, recovered judgment
against the appellant, George A. Young, as administra-
tor of the estate of E. J. Benge, deceased, for $7,500.00
to be levied on assets belonging to the estate. From this
judgment and another of the same date and like amount
against him as administrator of E. J. Benge, in behalf
of Kitty Fouts, he prosecuted an appeal to the Court
of Appeals. In due course an execution issued on this
judgment, which the sheriff to whom it was directed later
returned with the endorsement: "No property found
to make this *fi fa* or any part thereof."

Thereafter, on January 9, 1914, appellee instituted
this equitable action in the Clay Circuit Court, under
Section 439, Civil Code, to enforce the collection of the
judgment, and to that end procured the issuance of a
general attachment against the decedent's estate in the
hands of the administrator, and process of garnishment
against certain persons owing the estate. The latter
each answered, some of them admitting and others de-
nying any indebtedness to the estate. The appellant,
administrator, filed a general demurrer to the petition,
which the court overruled, to which ruling he excepted.
He thereupon filed an answer in which it was alleged
that he, as administrator of E. J. Benge, on November
8, 1913, more than two months before the institution of
this action, brought suit in the Clay Circuit Court for
a settlement of the estate, to which action the appellee
and all other creditors of the decedent known to him were
made defendants; that the action to settle the estate was
necessary as there had been and was much litigation in

collecting what was due the estate, and growing out of appellant's resistance of many claims against it, which he believed to be fraudulent or without merit; and the money and personal property in the hands of the administrator were not sufficient to pay the debts in full.

The answer also alleged the recovery against appellant, as administrator, of the judgment in favor of the appellee and Mrs. Kitty Fouts, of $7,500.00 each and the pendency of the appeals taken from these judgments. It was further alleged in the answer that in the event appellant failed to obtain a reversal of these judgments, the assets of the decedent's estate, which had been depleted by litigation and other causes beyond his control, would be insufficient to pay its indebtedness in full.

The circuit court, ignoring the defense interposed by the answer, entered a judgment directing appellant, as administrator of the estate of E. J. Benge, to take of the funds attached $1,000.00 and pay same to appellee as a credit upon her judgment, and directed such of the garnishees as were found to be indebted to the decedent's estate to pay that amount to the administrator for appellee. The attachment was sustained to the extent thus indicated, but otherwise neither sustained nor overruled. Complaining of this judgment, the administrator appeals.

It is manifest that the purpose of appellee in instituting this action was to obtain priority over other creditors of the estate. She is but a general creditor, and if the assets of the estate are insufficient, as alleged and shown by the appellant, to pay the claims of the general creditors in full, the law will not permit appellee to obtain the priority attempted to be secured by this action. Section 439, Civil Code, was not intended to apply to a state of case such as is here presented, and neither the attachment procured thereunder nor its levy could or did give appellee any advantage or preference over other creditors of the estate.

If appellant had not, as administrator, instituted the action for the settlement of the estate, and appellee had ascertained that the administrator was improperly delaying the payment of the decedent's debts, under the authority conferred by Section 428, Civil Code, she might have brought an action in equity to compel him to settle his accounts and distribute the estate among the creditors and others entitled thereto, for, under this

section, a creditor, as well as the personal representative, may institute such an action. But after such action is brought by the administrator, he would not be permitted to do so.

As there was no necessity or authority for the bringing of this action by the appellee, the attachment was unauthorized and all proceedings thereunder void. For the reasons indicated the judgment is reversed and cause remanded, with directions to the circuit court to set aside the judgment and dismiss the action at appellee's cost.